IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Dawn Snelling, et al. | : | |
| Plaintiffs, | : | CASE NO.:   2:11-cv-983 |
| vs. | : | JUDGE:  Sargus |
| ATC Healthcare Services, Inc., et al. | : | Magistrate Judge:  King |
| Defendants. | : | |

**DEFENDANTS ATC HEALTHCARE SERVICES, INC. AND NURSEMATE, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S COMBINED MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO STAY DEFENDANTS' PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

**A.  Plaintiff should not be granted leave to amend her Complaint because her proposed amendments are futile.**

Despite previously representing to this Court, on April 5, 2012, that no amendments to the Complaint were contemplated, Plaintiff now, on June 12, 2012, seeks to amend her Complaint to add additional conclusory allegations. Defendants object to Plaintiff's request for leave to file an amended complaint.  It is nothing but a frantic and apparent attempt to avoid Defendants' Partial Motion for Judgment on the Pleadings.  Plaintiff's Motion for Leave to Amend would ultimately be futile because it does not solve the deficiencies in the original Complaint.  As such, it should be denied.

Plaintiff generally asserts (1) that her Complaint must be sufficient because it is ten pages long and "has more than enough" facts (Plaintiff's Motion For Leave at p. 2) and (2) in the interest of time, Plaintiff will simply amend her Complaint to include even more facts within her Complaint to ensure she meets the *Twombly* pleading standard.  However, the point in Defendants' Partial Motion for Judgment on the Pleadings is and remains, that despite this

1

plethora of "facts," Plaintiff has failed to allege facts – versus conclusions - <u>that demonstrate a cognizable cause of action</u>, for a collective action, against the Defendants.

In deciding a motion for judgment on the pleadings, courts must construe the complaint in a light most favorable to the plaintiff, accept all <u>factual</u> allegations as true, and determine whether the complaint states a plausible claim for relief. *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009); *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)).  A legal conclusion, absent some factual elaboration, is insufficient to satisfy the pleading bar. *Pickering v. Lorillard Tobacco Co.*, 2011 U.S. Dist. LEXIS 3647, *7 (M.D. Ala. 2011); *see also Iqbal*, 129 S. Ct. at 1949.  Defendants have laid out in their Partial Motion for Judgment on the Pleadings the deficiencies in Plaintiffs' Complaint with respect to bringing a collective action – specifically the absence of factual allegations that support the existence of similarly situated persons.

As set forth in the Motion for Judgment on the Pleadings, the Plaintiff is making broad claims which include more than a simple overtime claim.  She is contending that she is entitled to three years worth of damages which requires willful action.  29 U.S.C. § 255(a); *Reich v. Lapatisserie, Inc.*, 1994 U.S. App. Lexis 6608 (6th Cir. 1994).  She is also seeking statutory damages which require lack of good faith.  *Id*.  Obviously, she must show that the similarly situated persons also are entitled to three years worth of damages and statutory damages. *Pickering v. Roliallard Tobacco Co.*, 2011 U.S. Dist. Lexis 3647 (N.D. Ala. 2011).  The Amended Complaint, in no way, addresses the simple reality that the Plaintiff has not pled any <u>facts</u> that show both willful action and a lack of good faith for both the Plaintiff and and similarly

situated individuals. Rather, mere conclusory allegations are pled which do not meet the *Twombly* standard.

Likewise, the Amended Complaint does not address the deficiency concerning whether Plaintiff Snelling is similarly situated to other employees in terms of her job duties, supervision, control of others or other facts which demonstrate the similarly situated persons are subject to the same overtime rules. Again, Plaintiff addresses the issues with mere conclusory allegations – not facts.

*Twombly* was clear in what it meant to prevent – the mere incantation of the conclusory language and the legal standard thus allowing significant discovery in cases that do not have the merits to go forward. The Amended Complaint just conclusory asserts the same thing Plaintiff contends happened to her happened to everyone. Because the proposed Amended Complaint fails to address the glaring deficiencies of the original Complaint, the amendment is futile and should be denied.

    **B. Because The Plaintiff's Proposed Amendment Is Futile, This Court Should Not Stay A Decision On The Motion For Judgment On The Pleadings.**

The Plaintiff has requested a stay of the Motion for Judgment on the Pleadings. The request should be denied because the Amended Complaint – to the extent that it attempts to correct the errors in the original Complaint – is futile. As the Amended Complaint is simply a further collection of conclusory statements, without any facts, the Motion should be denied.

Respectfully submitted,

s/Patrick Kasson
Patrick Kasson (0055570) (Trial Counsel)
Nicole M. Koppitch (0082129)
Reminger Co., L.P.A.
65 East State Street – 4th Floor
Columbus, Ohio 43215
(614) 228-1311/Fax:  (614) 232-2410
Email Address:  pkasson@reminger.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served upon the Court's ECF System this 22nd day of June, 2012.

s/Patrick Kasson
Patrick Kasson, Esq. (#0055570)