**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAWN SNELLING, *et al.*,**

    **Plaintiffs,**

  **vs.**                                     **Civil Action 2:11-CV-983
                                                     Judge Sargus
                                                     Magistrate Judge King**

**ATC HEALTHCARE SERVICES, INC.,
*et al.*,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion For Leave to Amend Complaint* ("*Plaintiff's Motion to Amend*"), Doc. No. 23. That motion also asks that *Defendant's Motion for Judgment on the Pleadings* be stayed pending resolution of *Plaintiff's Motion to Amend*. For the following reasons, *Plaintiff's Motion to Amend* is **GRANTED**. Plaintiff's request to stay is **DENIED** as moot.

**I.  BACKGROUND**

Plaintiff Dawn Snelling, acting on behalf of herself and a class of plaintiffs, seeks unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, Ohio R.C. § 4111.03. *Complaint*, Doc. No. 1, ¶ 1. On May 24, 2012, defendants ATC Healthcare Services Inc., and Nursemate, Inc., filed a motion for partial judgment on the pleadings, seeking dismissal of the *Complaint* "to the extent that it seeks relief as a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA)." *Defendants' ATC Healthcare Services, Inc. and*

1

*Nursemate, Inc. Combined Partial Motion for Judgment on the Pleadings* ("*Defendants' Motion for Judgment on the Pleadings*"), Doc. No. 14, p. 1.

On June 12, 2012, plaintiff filed *Plaintiff's Motion to Amend*, seeking leave to amend the *Complaint* "to provide additional factual support" for her claims. *Plaintiff's Motion to Amend*, p. 2. Plaintiff's new allegations include alleged similarities between herself and similarly situated people and actions allegedly taken by defendants or taken by plaintiff and similarly situated people. Plaintiff alleges, *inter alia*, that she and similarly situated people "provided nursing care to the various prisons throughout the state of Ohio," had "the same or similar [job duties] at each prison facility," and had a "Sunday through Saturday" work week. *See Amended Complaint*, attached to *Plaintiff's Motion to Amend* as Exhibit A, at ¶¶ 40-41, 44. According to the proposed *Amended Complaint*, defendants reduced the overtime rate of plaintiff and similarly situated people "to an amount below one and one-half times regular pay," defendants reduced hourly rates "for the sole reason of reducing . . . overtime rates to an amount less than one and one-half times their regular pay," and defendants told plaintiff and similarly situated people "that if they wanted to get their overtime pay they would have to sue and wait several years to get it." *Id*. at ¶¶ 53-54, 57. The proposed *Amended Complaint* further alleges that plaintiff is aware of at least 12 other nurses who were not paid the proper overtime rate by defendants, that defendants have admitted to failing to properly pay overtime, and that defendants have started sending checks to employees for "unpaid

overtime." *Id*. at ¶¶ 60, 62-63.

Defendants oppose plaintiff's motion, arguing that the proposed amendment would be futile. *Defendants ATC Healthcare Services, Inc. and Nursemate, Inc.'s Memorandum in Opposition to Plaintiff's Combined Motion for Leave to Amend Complaint and Motion to Stay Defendants' Partial Motion for Judgment on the Pleadings ("Defendants' Response")*, Doc. No. 27, p. 1. Specifically, defendants argue that the proposed *Amended Complaint* alleges only legal conclusions and does not contain factual allegations of persons similarly situated to plaintiff. *Id*. at 2-3.

**II. STANDARD**

*Plaintiffs' Motion to Amend* is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

3

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. *See Roth Steel Prods. v. Sharon Steel Co.*, 705 F.2d 134, 155 (6th Cir. 1983). In determining whether dismissal on this basis is appropriate, a complaint must be construed in the light most favorable to the plaintiff, and all well-pleaded facts must be accepted as true. *See Bower v. Fed. Express Corp.,* 96 F.3d 200, 203 (6th Cir. 1996); *Misch v. Cmty. Mut. Ins. Co.,* 896 F. Supp. 734, 738 (S.D. Ohio 1994). The United States Supreme Court has explained that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). However, a plaintiff's claim for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Accordingly, a complaint must be dismissed – and amending a complaint is futile – if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

### III. DISCUSSION

Defendants' sole argument against leave to amend the *Complaint* is that the proposed amendment would be futile. *See Defendants'*

4

*Response*, p. 1.  Referring to arguments made in their motion for judgment on the pleadings, defendants argue that the proposed *Amended Complaint* contains only legal conclusions and lacks factual allegations that support the existence of persons similarly situated to plaintiff.  *Id*. at 2-3.  Thus, according to defendants, the proposed *Amended Complaint* does not state a cognizable collective cause of action.  *Id*. at 1-2.

Defendants do not argue – either here or in *Defendants' Motion for Judgment on the Pleadings* – that plaintiff has failed to sufficiently plead the claims asserted on her own behalf.[1]  Notably, the new allegations in the proposed *Amended Complaint* are not limited to the collective cause of action and they often address plaintiff's individual claims and the class claims within the same paragraph.  *See Amended Complaint*, attached to *Plaintiff's Motion to Amend* as Exhibit A, at ¶¶ 52-57 (each alleging that plaintiff and similarly situated people either took the same action or had the same action taken against them by defendants).  Because defendants do not argue that all claims are futile, and because the new allegations appear to apply to both plaintiff's individual claims and the collective claims, the Court cannot conclude that the proposed amendment would be futile.[2]

Additionally, there is no indication that defendants would be

---

[1]*Defendants' Motion for Judgment on the Pleadings* does not seek dismissal of all of plaintiff's claims; rather, it seeks dismissal of the *Complaint* "to the extent that it seeks relief as a Collective Action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA)." *Defendants' Motion for Judgment on the Pleadings*, p. 1.

[2]In so holding, the Court expresses no opinion as to the validity of plaintiff's claims or whether plaintiff has stated a claim for relief as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.

5

prejudiced by the proposed amendment.  There is no suggestion of bad faith on the part of plaintiff, this is the first amendment sought by plaintiff, and plaintiff does not seek to assert new claims or to add parties.  There is also no indication that plaintiff's new factual allegations will unfairly recast the essential nature of the case. *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Furthermore, granting *Plaintiff's Motion to Amend* should not affect the discovery completion date or other case deadlines.

Accordingly, *Plaintiff's Motion to Amend*, Doc. No. 23, is **GRANTED**.  The Clerk is **DIRECTED** to file plaintiff's *Amended Complaint*, which is attached to *Plaintiff's Motion to Amend*, Doc. No. 23, as Exhibit A.

In light of the foregoing, *Plaintiff's Motion to Stay*, Doc. No. 23, is **DENIED** as moot.  With the filing of the *Amended Complaint*, *Defendant's Motion for Judgment on the Pleadings*, Doc. No. 14, and *Plaintiff's Motion for Leave for Partial Dismissal with Prejudice*, Doc. No. 13, are both now moot.  The Clerk is **DIRECTED** to remove Doc. No. 13 and Doc. No. 14 from the Court's pending motions list.

October 10, 2012                         *s/ Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge