UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAWN SNELLING,

    Plaintiff,

v.

ATC HEALTHCARE SERVICES
INC., *et al.*,

    Defendants.

Case No. 2:11-CV-00983
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Conditional Class Certification Expedited Discovery and Court-Supervised Notice to Potential Opt-in Plaintiffs. (ECF No. 10.) At this time the Court will also consider Plaintiff's Motion for Class Certification for Her State Law Claim. (ECF No. 36.) For the following reason, Plaintiff's Motion for Conditional Class Certification is **GRANTED** and Plaintiff's Motion for Class Certification is **DENIED**.

## I. BACKGROUND

Plaintiff, Dawn Snelling, brings this action maintaining that Defendants, ATC Healthcare Services Inc. ("ATC") and Nursemate, Inc., failed to pay her and other similarly situated employees overtime pursuant to the terms of the Fair Labor Standards Act ("FLSA"). Plaintiff also brings a claim, on behalf of herself and similarly situated persons, for unpaid overtime pursuant to the Ohio Minimum Fair Wage Standards Act ("MFWSA"), Ohio Revised Code

§ 4111.03.[1]

According to Plaintiff, Defendants provide nursing care to prisons throughout the state of Ohio. Plaintiff maintains that she worked as a nurse for Defendants and provided nursing care to prisoners at various state-run prisons. (*See* Compl. ¶ 37, ECF No. 1.) She asserts that she and other nurses were paid on a weekly basis at an hourly rate. (*Id.* at ¶¶ 40–41.) Plaintiff contends that on various occasions she and other nurses worked in excess of forty hours and that Defendants, knowingly and willfully, failed to pay overtime premiums in violation of the FLSA. (*See id.* at 45–47.) Moreover, Plaintiff maintains that Defendants altered the payroll records of both herself and others to reduce the hourly pay rates for employees who worked over forty hours in a week. (*Id.* at ¶ 48.)

In her initial Motion, Plaintiff requests that the Court conditionally certify a statewide class consisting of all Defendants' current and former Ohio nurses, since November 3, 2008, who could potentially pursue claims for FLSA overtime and minimum wage violations. In support of her Motion, Plaintiff submits a Declaration stating that the factual allegations within her Complaint are based on her personal knowledge and observations of other nurses.[2] (Pl.'s Decl. ¶4, ECF No. 10-1.) Plaintiff also provides payroll records she received from Defendant. According to Plaintiff, these records indicate that at least twelve nurses were not paid overtime in violation of the FLSA. (*See, e.g.*, ECF No. 19-1, 19-2.) Finally, Plaintiff submits the

---

[1] Within her initial Complaint, Plaintiff also brought a claim under Ohio law for gender discrimination. Plaintiff excluded this claim from her Amended Complaint.

[2] Plaintiff also maintains in her initial briefing that "Defendants' counsel admitted at the Pre-Trial Conference on April 5, 2012 that as many as nine other nurses were not properly paid overtime." (Pl.'s Mot. Cond'l Cert. 9, ECF No. 10.) Defendants do not address this assertion within their briefing.

2

Declaration of Lisa Wolffe.[3] Ms. Wolffe avers, in part, (1) that she worked for Defendant ATC as a nurse from 2008 until 2010, (2) that she worked more than forty hours in a week on numerous occasions, and (3) that she was not paid overtime at a rate of one and one half times her regular pay for her overtime hours. (Wolffe Decl. ¶¶ 2, 7–8, ECF No. 33.)

Based on the same evidence, Plaintiff also moves for class certification, pursuant to Federal Rule of Civil Procedure 23, of her state-law MFWSA claim. Plaintiff defines her requested class to include "[a]ll non-exempt Nurses employed by Defendant who, since October 29, 2009, have not been paid in accordance with the provisions of the MFWSA as a result of Defendants' policies, including, but not limited to, those who have been damaged by Defendants' failure to pay overtime wages." (Compl. ¶ 24, ECF No. 1.)

Defendants oppose both conditional certification, pursuant to the FLSA, and MFWSA class certification pursuant to Federal Rule of Civil Procedure 23. Defendants maintain that Plaintiff has failed to establish that a similarly situated class exists. Defendants further contend that Plaintiff has failed to satisfy the requirements of Rule 23, including numerosity.

---

[3] Plaintiff submitted both Defendants' payroll records and Ms. Wolffe's Declaration after her initial briefing and Defendants' Memorandum in Opposition. Defendants moved to strike these documents, or in the alternative, for leave to file a sur-reply. (ECF No. 20.) The Court allowed Defendants to file a sur-reply. (Order, ECF No. 34.) The Court generally looks unfavorably on evidence that a movant submits after responsive briefing. Nevertheless, because the Court permitted Defendants an opportunity to file a sur-reply, the Court will consider the payroll records and Ms. Wolffe's Declaration. *Cf. Mauer v. Deloitte & Touche, LLP*, 752 F. Supp. 2d 819, 824 (S.D. Ohio 2010) (permitting a sur-reply to address new evidence that a party produced after the completion of briefing).

## II. ANALYSIS

### A. FLSA Conditional Certification

#### 1. Standard

The Court will first consider whether conditional certification is appropriate under the FLSA. The FLSA specifically provides:

> An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Accordingly, "[s]ection 216(b) establishes two requirements for a representative action: 1) the plaintiffs must actually be 'similarly situated,' and 2) all plaintiffs must signal in writing their affirmative consent to participate in the action." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The United States Supreme Court has held that under 29 U.S.C. § 216(b) a district court may "facilitat[e] notice to potential plaintiffs." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The decision whether to conditionally certify a class, and therefore facilitate notice, is within the discretion of the trial court. *See id.*

The United States Court of Appeals for the Sixth Circuit has implicitly upheld a two-step procedure for determining whether an FLSA case should proceed as a collective action. *In re HCR ManorCare, Inc.*, No. 11–3866, 2011 WL 7461073, at *1 (6th Cir. Sept. 28, 2011); *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011) (applying the two-step procedure). "First, in what is referred to as the initial notice stage, the Court must determine

4

whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Swigart*, 276 F.R.D. at 213 (internal quotations omitted). "At the second stage of the proceedings, the defendant may file a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiff's claims." *Id.*

At the first stage, "Plaintiffs must only make a modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This standard is "'fairly lenient . . . [and] typically results in conditional certification.'" *Id.* at 868 (quoting *Comer*, 454 F.3d at 547); *see Lacy v. Reddy Elec. Co.*, No. 3:11-cv-52, 2011 WL 6149842, at *2 (S.D. Ohio Dec. 9, 2011) ("[C]ollective actions have been certified based on no more than a couple of declarations and a deposition transcript.").

During this stage, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart*, 276 F.R.D. at 214; *see also Lacy*, 2011 WL 6149842, at *3 ("Requiring any more factual support from Plaintiff at this early stage, or weighing [Defendant's] competing factual assertions, would intrude improperly into the merits of the action, essentially imposing a burden upon Plaintiff to prove the factual predicates of his claim as a precondition to obtaining preliminary conditional certification.") (internal citations omitted). Moreover, the FLSA analysis does not import "the more stringent criteria for class certification under Fed. R. Civ. P. 23" and it is also "less stringent than [the] Rule 20(a) requirement that claims 'arise out of the same action or occurrence' for joinder to be proper." *O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

### 2. Similarly Situated

Once again, at the conditional certification stage Plaintiff must make a modest factual

5

showing that she is similarly situated to the proposed class. Neither the FLSA nor the Sixth Circuit have explicitly defined the meaning of "similarly situated." *O'Brien*, 575 F.3d at 584. This Court has emphasized that at the initial notice stage, a plaintiff "[']need only show that [his] position [is] similar, not identical, to the positions held by the putative class members.'" *Lewis*, 789 F. Supp. 2d at 867–68 (quoting *Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002)) (alterations in original). Furthermore, "[t]he Court should consider whether potential plaintiffs were identified; whether affidavits of potential plaintiffs were submitted; whether evidence of a widespread discriminatory plan was submitted, and whether as a matter of sound class management, a manageable class exists." *Lewis*, 789 F. Supp. 2d at 868 (internal quotations omitted). The Sixth Circuit has provided that one example of an appropriate FLSA collective action is where the potential plaintiffs are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585. Nevertheless, "[s]howing a 'unified policy' of violations is not required . . . ." *Id.* at 584.

In this case, the Court finds that Plaintiff has made a modest factual showing that there is a similarly situated statewide class. Specifically, Plaintiff has made a modest showing that she and other similarly situated nurses were not properly paid overtime. As detailed above, Plaintiff submits her own Declaration, averring to her personal knowledge of the factual allegations within her Complaint; the Declaration of Ms. Wolffe;[4] and select payroll records. Within their

---

[4] Defendants maintains that the Declaration of Ms. Wolffe s does not constitute evidence because it is not an Affidavit. Pursuant to 28 U.S.C. 1746, however, unsworn declarations signed under penalty of perjury have the same force and effect as affidavits or other sworn documents. In this case, Ms. Wolffe signed her Declaration under penalty of perjury reciting language that substantially conforms to the requirements of 28 U.S.C. 1746. Accordingly, the

6

Declarations and the Complaint, Plaintiff and Ms. Wolffe both state that they were nurses employed by Defendants, worked over forty hours in a week on various occasions, and were not properly paid overtime.[5] The accounts of Plaintiff and Ms. Wolffe also suggest that they were aware of other nurses who were not paid overtime. Although the basis for knowledge as to other nurses is not entirely clear, the Court can reasonably infer that Plaintiff and Ms. Wolffe would have at least some personal knowledge as to their co-workers, particularly given that each nurse apparently worked at multiple facilities throughout the state. Finally, the payroll records, when viewed in favor of Plaintiff, reflect that at least twelve nurses may not have been properly paid overtime.

Defendants assert that Plaintiff has failed to demonstrate a similarly situated class. In addition to challenging the general sufficiency of Plaintiff's evidence, Defendants contend that Plaintiff has failed to show that Defendants willfully violated the rights of any other nurses. The Court finds this contention unpersuasive. First, although the Court will not reach the merits at this time, the evidence Plaintiff provides indicates that there may have been multiple willful violations. For example, Ms. Wolffe states that although she and other nurses informed her supervisor of overtime requirements, Defendant ATC still failed to pay her overtime. (*See* Wolffe Decl. ¶¶ 8–9, 11, ECF No. 33.) Second, Plaintiff need not identify a unified policy, or identically situated individuals, to satisfy the similarly situated requirement. At this time, Plaintiff has provided sufficient evidence to suggest that Defendants failed to pay both her and

---

Court may properly consider the Declaration.

[5] Moreover, Ms. Wolffe avers, and Defendants do not appear to contest, that registered nurses that Defendant ATC employed performed the same basic job duties. (Wolffe Decl. ¶ 6, ECF No. 33.)

7

various other nurses overtime in violation of the FLSA. Although Plaintiff's evidence at this time is not overwhelming, it is sufficient to satisfy the generally lenient requirements of the conditional certification stage. At the decertification stage the Court will examine with much stricter scrutiny whether a manageable class exists.

### 3.  Notice

Plaintiff attached a proposed notice form to its Motion for Conditional Class Certification. Defendant objects to Plaintiff's proposed notice. The Court will not resolve the proper form of notice at this time. Rather, the parties should confer as to the proper form of notice and submit a proposed notice form, and plan for the distribution of notice, within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. Although the Court expects the parties to work toward an extrajudicial resolution, if they are unable to reach an agreement, each party may submit its proposed notice and plan.[6] During this period, Defendants should gather and provide Plaintiff with contact information for their nurse employees fitting the class description.

### B.  Rule 23 Class Certification

### 1.  Standard

"To be certified, a class must satisfy all four of the Rule 23(a) prerequisites—numerosity, commonality, typicality, and adequate representation—and fall within one of the three types of class actions listed in Rule 23(b)." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). Federal Rule of Civil Procedure 23(a) specifically states:

One or more members of a class may sue or be sued as representative parties on

---

[6] Any briefing on this issue should total no more than ten pages.

> behalf of all only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

"The party seeking class certification has the burden to prove the Rule 23 certification requirements." *Young*, 693 F.3d at 537. The Sixth Circuit has specifically provided:

> "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule." [*Wal–Mart Stores Inc. v. Dukes*, — U.S. —, 131 S.Ct. 2541, 2551 (2012)]. "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable," *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 [] (1982), and must be checked through "rigorous analysis," *Wal–Mart*, 131 S.Ct. at 2551 (quoting Falcon, 457 U.S. at 161, 102 S.Ct. 2364). Some circuits expressly bar district courts from presuming that the plaintiffs' allegations in the complaint are "true for purposes of the class motion . . . without resolving factual and legal issues that strongly influence the wisdom of class treatment." *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. [2001]), *cert. denied*, 534 U.S. 951, 122 S.Ct. 348, 151 L.Ed.2d 263 (2001) (internal quotation marks omitted); *see also Elizabeth M. v. Montenez*, 458 F.3d 779, 783 (8th Cir. 2006); *Miles v. Merrill Lynch & Co. (In re Initial Pub. Offerings Sec. Litig.)*, 471 F.3d 24, 41 (2d Cir. 2006). That approach follows from *Falcon*, and *Wal–Mart* has cemented its propriety.

*Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012).

### 2.    Numerosity

As detailed above, Defendants maintain that Plaintiff has failed to demonstrate a sufficiently numerous class. As the Sixth Circuit has recognized there is "no strict numerical test" for determining whether a class satisfies the numerosity requirement of Rule 23(a)(1). *Young*, 693 F.3d at 541. "[I]mpracticability of joinder must be positively shown, and cannot be speculative." *Id.* (internal quotations omitted). The Court, however, is permitted to draw reasonable information based on the evidence before it at the class certification stage. *Id.*

9

"Numerous factors play into the impracticability of joinder, including the size of the proposed class, geographic dispersion and financial resources of class members, and judicial economy." *Ledford ex rel. Epperson v. Colbert*, No. 1:10–cv–706, 2012 WL 1207211, at *3 (S.D. Ohio Apr. 11, 2012) (internal quotations omitted). Although no precise class size is required, at least one court within this circuit has suggested "it is generally accepted that a class of 40 or more members is sufficient to meet the numerosity requirement." *Krieger v. Gast*, 197 F.R.D. 310, 314 (W.D. Mich. 2000); *but compare Basile v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 105 F.R.D. 506, 508 (S.D. Ohio 1985) (holding, in the context of Rule 23(a)(1) that "there is no reason to encumber the judicial system with 23 consolidated lawsuits when one will do"); *with Roundtree v. Cincinnati Bell, Inc.*, 90 F.R.D. 7, 8–9 (S.D. Ohio 1979) (holding that a potential class of 36 was "not great enough to cause impracticability of joinder").

Although Plaintiff has met the more lenient standards of FLSA conditional certification, Plaintiff fails to provide sufficient evidence to satisfy the rigorous analysis applied to Rule 23. Specifically, the Court is not convinced at this time that the class is so numerous to make joinder impracticable. Plaintiff suggests that the class consists of at least 150 employees who worked overtime for Defendants. This is not a misclassification case, however, and Plaintiff has not provided any evidence to demonstrate that all of these employees were denied proper overtime under Ohio law. Rather, Plaintiff's Complaint and Ms. Wolffe's Declaration both reflect that some nurses were paid overtime. (*See, e.g.*, Wolffe Decl. ¶ 12, ECF No. 33.)

Here, the payroll records suggest that as many as twelve employees may not have

10

received proper overtime payment.[7] Even assuming that these payroll records, which identify employees by number, do not include Plaintiff and Ms. Wolffe, Plaintiff has only submitted concrete evidence that fourteen employees were denied overtime payment. Plaintiff suggests that inaccuracies within the payroll records are only one method by which Defendants denied overtime payments. Plaintiff, however, has failed to provide significant evidence, beyond conclusory allegations, that other violations occurred. Without further evidence, the Court cannot speculate as to the potential class size. Accordingly, based on the evidence currently before the Court, Plaintiff has failed to satisfy the numerosity requirement of Rule 23.[8]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to for Conditional Class Certification is **GRANTED** subject to the conditions outlined within this Opinion and Order. (ECF No. 10.) The parties should confer as to the proper form of notice and submit a proposed notice form, and plan for the distribution of notice, within **FOURTEEN (14) DAYS** of the date of this Opinion and Order. Defendants should also produce contact information for the nurses they employed during the relevant period within **FOURTEEN (14) DAYS**. Plaintiff's Motion for Class Certification of Her State Law Claim is **DENIED**. (ECF No. 36.)

---

[7] It is questionable whether all of the records Plaintiff provides actually indicate failure to pay overtime. Some of the payroll records contain clear clerical errors. For example, one set of payroll records provides that an employee worked 31.5 hours in one day. (*See* Ex. 6, ECF No. 19-6.)

[8] This Court has allowed plaintiffs to proceed, at least under certain circumstances, with both FLSA collective actions and a class actions pursuant to Rule 23. *Laichev v. JBM, Inc.*, 269 F.R.D. 633, 642 (S.D. Ohio 2008). Nevertheless, the Court notes that Plaintiff's ability to proceed with an FLSA collective action diminishes, at least to some degree, the necessity of proceeding with a class action under Rule 23 as to her state-law claims.

11

**IT IS SO ORDERED.**

_____12-4-2012_____                    _____
**DATE**                                                               **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**