IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAWN SNELLING,**

    **Plaintiff,**

  **v.**                                          **Civil Action 2:11-CV-983**
                                                    **Judge Sargus**
                                                      **Magistrate Judge King**

**ATC HEALTHCARE SERVICES, INC.,**
*et al.,*

    **Defendants.**

OPINION AND ORDER

This matter is before the Court for consideration of *Plaintiff's Motion to Compel*, Doc. No. 39. Defendants oppose *Plaintiff's Motion to Compel*. *Defendants ATC Healthcare Services, Inc. and Nursemate, Inc's Memorandum Contra Plaintiff's Motion to Compel* ("*Defendants' Response*"), Doc. No. 48. Plaintiff has filed a reply. *Plaintiff's Reply in Support to Plaintiff's Motion to Compel* ("*Plaintiff's Reply*"), Doc. No. 49. For the reasons that follow, *Plaintiff's Motion to Compel* is **GRANTED** in part and **DENIED** in part.

**I.  Background**

Plaintiff Dawn Snelling, acting on behalf of herself and a class of plaintiffs, brings this action against defendants ATC Healthcare Services Inc., and Nursemate, Inc., seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 202, *et seq.*, and the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03. The *First Amended Complaint*, Doc. No. 47, alleges the following:

Defendants provide nursing care to prisons throughout the state of Ohio. *Id* at ¶¶ 37, 40. Plaintiff has worked as a nurse for defendants and provided nursing care to prisoners at various state-run prisons. *Id*. at ¶ 40. Plaintiff and other nurses were paid on a weekly basis at an hourly rate. *Id*. at ¶¶ 39, 43. On various occasions since November 3, 2008, plaintiff and other nurses worked in excess of forty hours per week and defendants, knowingly and willfully, failed to pay overtime premiums in violation of the FLSA. *Id*. at ¶¶ 49-50. Defendants "fraudulently altered the payroll records" of plaintiff and other nurses, reduced their overtime rates, and reduced their regular hourly rates to prevent them from receiving the proper amount of overtime pay. *Id*. at ¶¶ 52-54.

Defendants now seek to compel responses to interrogatories and document requests.

**II.  Standard**

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide a proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. Pro. 37(a)(3)(B). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C.

2

1999)).  Finally, the party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2.  This prerequisite has been met in this case.

### III. Discussion

Plaintiff seeks to compel response to the following interrogatory:

> 3. Please provide a list of all individuals, including his or her name, sex, residential and business addresses, residential and business telephone numbers, email addresses, job title, dates of employment, social security numbers, and rate of pay throughout his or her employment, that Defendant has employed in the State of Ohio as hourly paid employees from November 3, 2008 through the present.

*Plaintiff's Motion to Compel*, p. 5.  Plaintiff also seeks to compel response to the following document requests:

> 3. Produce Plaintiff's complete personnel file, including, but not limited to, forms, memoranda, communications, performance appraisals, payroll records, records reflecting any term of compensation or benefits, raises, changes in compensation or benefits, and any other document that has ever been contained in such file.[1]
>
> . . .
>
> 9. Produce documents sufficient to identify the names, last known address and/or any and all forwarding addresses, email addresses, hire dates, titles and termination dates and reason for termination, if applicable, of all individuals identified in response to Interrogatory No.3 above.
>
> . . .

---

[1] It is unclear why this document request is included in *Plaintiff's Motion to Compel*.  The request is not specifically addressed in the motion and defendants' response to the request provides that they would "produce all documents, which are non-privileged, and are relevant and response to this request."  *Plaintiff's Motion to Compel*, p. 5.

3

> 13. Produce all records, including but not limited to work schedules for individuals identified in response to Interrogatory No.3 above showing the days on which, and the hours during which, any and all individuals, including Plaintiff, worked for Defendant since January 1, 2008.
>
> . . .
>
> 14. Produce all records including personnel and payroll records for individuals identified in response to Interrogatory No. 3 above showing the amount of compensation Defendant paid to each individual, including Plaintiff, since January 1, 2008.
>
> . . .
>
> 17. Produce any and all records pertaining to all persons employed by Defendants since November 1, 2008 where such records contain any or all of the information that employers are required to maintain concerning their employees pursuant to 29 C.F.R. 516.2 and/or O.R.C. 4111.08.

*Id*.

Defendants have not specifically objected to any particular interrogatory or document request or any portion thereof.  Instead, defendants oppose *Plaintiff's Motion to Compel* on two grounds. Defendants first argue that the names and contact information of the Ohio nurses employed by defendants is not discoverable until the Court rules on plaintiff's motions to certify a class, Doc. Nos. 10, 36. *Defendants' Response*, pp. 1, 3-4, 6-10.  In this regard, defendants argue that *Plaintiff's Motion to Compel* should be denied and discovery should be limited to the 12 employees whom plaintiff presently identifies as the individuals whose pay rates were changed. *Id*. at p. 1.

Defendants' first argument is moot.  On December 4, 2012, the Court granted *Plaintiff's Motion for Conditional Class Certification*, Doc. No. 10, and conditionally certified a statewide class for

4

plaintiff's FLSA claim "consisting of all [d]efendants' current and former Ohio nurses, since November 3, 2008, who could potentially pursue claims for FLSA overtime and minimum wage violations." *See Opinion and Order*, Doc. No. 54, pp. 2, 7-8, 11.  The Court also ordered defendants to "produce contact information for the nurses they employed during the relevant period." *Id*. at p. 11.

Defendants also opposes *Plaintiff's Motion to Compel* on the ground that the requested discovery is irrelevant to plaintiff's sole claim — "the modification of overtime hour pay rates." *Defendants' Response*, p. 4.  Defendants maintain that "the only discovery necessary" is that "necessary to determine what rates of pay were paid to employees who worked overtime in comparison to their non-overtime rates of pay." *Id*. at p. 5.  Defendants further maintain that the actual payroll records are not relevant because the information plaintiff needs is contained in the payroll report summaries that have already been provided to plaintiff. *Id*.  Those reports show each nurse's "employee number, hours worked and rate of pay for each hour." *Id*. at p. 2.

Defendants' second argument is without merit.  Plaintiff seeks unpaid overtime compensation under the FLSA for defendants' alleged knowing and willful failure to pay overtime premiums to non-exempt nurses who worked in excess of forty hours per week. *See First Amended Complaint*, ¶¶ 49-54.  Plaintiff's FLSA claims are not, as defendants argue, based solely on "the modification of overtime hour pay rates."  The conditional class is accordingly not limited to FLSA claims based on a modification of overtime pay rates; the class

5

consists of all of defendants' "current and former Ohio nurses, since November 3, 2008, who could potentially pursue claims for FLSA overtime and minimum wage violations." *See Opinion and Order*, Doc. No. 54, pp. 2, 7-8, 11.  Furthermore, plaintiff alleges, *inter alia*, that defendants "fraudulently altered the payroll records" of plaintiff and other nurses.  *Id*. at ¶ 52.  The actual payroll records and time sheets are therefore relevant to a determination of whether defendants properly paid its nurses overtime during the relevant time period.

> Plaintiff maintains that the discovery requests at issue seek
>
> the identity of the putative class, contact information for the putative class, *all* payroll records and timesheets of the putative class (including Plaintiff) which Defendants are required to maintain under federal and state law, schedules for the three year time period, and documents sufficient to identify the hourly rate for each putative class member.

*Id*. at p. 8.  It is not apparent to the Court how, given the foregoing explanation, the "sex" and "social security numbers" for the Ohio nurses employed by defendants, or documents relating to the "reason for termination" of any of the Ohio nurses, is relevant to plaintiff's claims.  The *First Amended Complaint* does not allege any form of retaliation or discrimination, let alone sex discrimination.  The sex and social security numbers, and the basis for termination, of the Ohio nurses is therefore not likely to lead to the discovery of admissible evidence.

It is also unclear to the Court why plaintiff's 13th, 14th and 17th document requests seek documents dating to January 1 and November 1, 2008.  *See Plaintiff's Motion to Compel*, p. 5.  The class

conditionally certified is limited to the Ohio nurses employed by defendants since November 3, 2008; *see Opinion and Order*, Doc. No. 54, pp. 2, 7-8, 11; the misconduct alleged in the *First Amended Complaint* is limited to the period beginning November 3, 2008; *see First Amended Complaint*, ¶¶ 37, 49, 58-59; and *Plaintiff's Motion to Compel* represents that plaintiff seeks only records from "the three year time period" beginning November 3, 2008. *See Motion to Compel*, p. 8. The personnel and payroll records, work schedules, and other documents sought prior to that date are therefore not relevant to plaintiff's claims.

Based on the foregoing, *Plaintiff's Motion to Compel*, Doc. No. 39 is **GRANTED** in part and **DENIED** in part. Plaintiff is not entitled to discovery of the sex or social security numbers, or documentation of the reason for the termination, of any of the Ohio nurses employed by defendants. Plaintiff's 13th, 14th and 17th document requests are further limited to the period beginning November 3, 2008. In all other respects, *Plaintiff's Motion to Compel* is **GRANTED.**

February 7, 2013               *s/Norah McCann King*
                              Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge