UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAWN SNELLING,

          Plaintiff,

       v.

ATC HEALTHCARE SERVICES
INC., *et al.*,

          Defendants.

Case No. 2:11-CV-00983
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah M. King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Protective Order (ECF No. 55); the parties' briefing regarding the proper form of conditional class notice under the Fair Labor Standards Act ("FLSA") (ECF Nos. 56, 57); and Defendants' Objections to the Magistrate Judge's February 7, 2013 Opinion and Order (ECF No. 63). For the reasons that follow, Defendant's Motion for Protective Order is **DENIED**. Additionally, Defendants' Objections to the Magistrate Judge's February 7, 2013 Opinion and Order are **OVERRULED**.

With regard to the notice process, subject to the conditions with this Opinion and Order, the parties are **DIRECTED** to confer regarding the proper form of notice. The parties shall submit to the Court joint proposed notice and consent forms within **TEN (10) DAYS** of the date of this Opinion and Order. Defendants shall provide Plaintiff with contact information for all of the nurses they employed during the relevant period within **TEN (10) DAYS** of this Opinion and Order. Once the Court approves the notice and consent forms, Plaintiff's shall mail the notice and consent forms to prospective class members within **FOURTEEN (14) DAYS**. The notice shall reflect that consent forms must be returned (postmarked) within **FORTY-FIVE (45) DAYS**

from the postmark date of the notice.

## I.

Plaintiff, Dawn Snelling, formerly worked for Defendants ATC Healthcare Services, Inc., and Nursemate, Inc., as a nurse.  Plaintiff brings this action maintaining that Defendants willfully failed to pay her and other similarly situated nurse employees overtime pursuant to the terms of the FLSA.  Plaintiff also brings a claim, on behalf of herself and similarly situated persons, for unpaid overtime pursuant to the Ohio Minimum Fair Wage Standards Act ("MFWSA"), Ohio Revised Code § 4111.03.

On December 4, 2012, the Court issued an Opinion and Order granting Plaintiff's Motion for Conditional Class Certification under the FLSA and denying her Motion for Class Certification of her state law claim pursuant to Federal Rule of Civil Procedure 23.  Within the Opinion and Order, the Court recognized that Plaintiff was requesting conditional certification of "a statewide class consisting of all Defendants' current and former Ohio nurses, since November 3, 2008, who could potentially pursue claims for FLSA overtime and minimum wage violations." (Opinion & Order 2, ECF No. 54.)  For the purposes of conditional certification under the FLSA, the Court found that Plaintiff had made the requisite modest factual showing to allow for conditional certification of, and Court approved notice to, a statewide class.  (*Id.* at 6–7.)  The Court, however, concluded that Plaintiff had not met the more rigorous standard for class certification under Rule 23.  (*Id.* at 9–11.)  With regard to the FLSA notice process, the Court required the parties to confer regarding the proper from of class notice and to submit a proposed notice form.  Finally, the Court ordered Defendants to produce contact information for the nurses they employed within the relevant period.  (*Id.* at 11.)

2

On December 18, 2012, Defendants moved for a protective order. Within their Motion, Defendants request an order forbidding Plaintiff's counsel from contacting potential class members through means other than the Court approved notice process. Defendant maintain that, in light of their communications with Plaintiff's counsel, they are concerned that counsel is planning to solicit potential opt-in plaintiffs.

The parties also submitted briefing regarding class notice on December 18, 2012. After conferring, the parties were unable to agree on the proper form of notice. The parties dispute the proper scope of notice as well as other issues. In addition to briefing, the parties have each submitted a proposed notice form.

On February 7, 2013, the Magistrate Judge issued an Opinion and Order granting in part and denying in part Plaintiff's September 14, 2012 Motion to Compel. Plaintiff sought to compel production of identifying information, work schedules, and payroll/compensation records for Defendants' hourly paid employees. Subject to certain limitations,[1] the Magistrate Judge ordered production of the information and documents in question. The Magistrate Judge specifically determined that "[t]he actual payroll records and time sheets are . . . relevant to a determination of whether defendants properly paid its nurses overtime during the relevant time period." (Opinion & Order 6, ECF No. 61.) Furthermore, the Magistrate Judge concluded that Plaintiff's claims were not limited to the modification of overtime hourly pay rates. (*Id.* at 5.) On February 19, 2013, Defendants filed their Objections to the Magistrate Judge's February 7, 2013 Opinion and Order.

---

[1] The specific limitations on production that the Magistrate Judge set are not at issue for the purposes of this Opinion and Order.

## II.

### A.    Protective Order

The Court will first address Defendants request for a protective order.  Once again, Defendants seek a protective order forbidding Plaintiff's counsel from contacting potential class members, outside of the Court approved notice process, until such individuals opt in to the class. Plaintiff contends that there is no basis for Defendants' concerns regarding class solicitation.

Pursuant to Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).  "The burden of establishing good cause for a protective order rests with the movant." *Nix v. Sword*, 11 F. App'x 498. 500 (6th Cir. 2001).

Within the context of a Rule 23 class action, the Supreme Court held that "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).  At the same time, however, the Supreme Court cautioned that any "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.*  These general principles apply to 29 U.S.C. § 216(b) collective actions as well. *Zwerin v. 533 Short North, LLC*, No. 2:10–cv–488, 2011 WL 2446622, at *2 (S.D. Ohio June 15, 2011).

Moreover, addressing a similar issue within the context of an FLSA class action, this Court has provided:

Courts must base any order limiting communications between parties and potential

4

> class members on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of parties. Courts have found a need to limit communications with absent class members where the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit. As commercial speech, ex parte communications tending to discourage absent class members from joining the suit may be limited by orders grounded in good cause and issued with a heightened sensitivity for First Amendment [c]oncerns. Courts examine four criteria to determine good cause in this context: the severity and likelihood of the perceived harm, the precision with which the order is drawn, the availability of a less onerous alternative, and the duration of the order.

*Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 871 (S.D. Ohio 2011) (quoting *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 667–68 (E.D. Tex. 2003)). Finally, this Court recognizes that it "must be careful to guard against the 'stirring up' of litigation through unwarranted solicitation." *Lacy v. Reddy Elec. Co.*, No. 3:11–cv–52, 2011 WL 6149842, at *2 (S.D. Ohio Dec. 9, 2011) (internal quotations omitted).

In this case, Defendants have failed to establish that a protective order is warranted. Upon review of the communications between counsel that Defendants have provided, the Court is simply not convinced that Plaintiff's counsel intends to independently solicit potential class member and/or violate ethical rules. Moreover, the Court will not engage in a speculative discussion over what potential communications may violate ethical rules. Of course, Plaintiff's counsel should rely on the Court approved notice process to determine class membership and should not engage in conduct that would render this process unnecessary or meaningless. Moreover, Plaintiff's counsel is obviously obligated to follow the Ohio Rules of Professional Conduct including Rule 7.3 concerning direct contact with prospective clients. Nevertheless, the Court is not persuaded that a protective order—containing a broad prohibition on communication with potential class members—is necessary at this time.

5

**B.      Class Notice**

The Court will next consider the form of notice that Plaintiff will send to potential class members in this case. As detailed above, the parties dispute the content of this notice. Accordingly, each party submits separate proposed notice forms.

The United States Supreme Court has held that under 29 U.S.C. § 216(b) a district court may "facilitat[e] notice to potential plaintiffs" in FLSA class actions. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989). The oversight of the "notice-giving process" is within the Court's discretion. *Id.* at 174. Nevertheless, the Court "must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Id.*; *see also Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D. Ohio 2011) ("Courts may facilitate notice to putative collective class members so long as the court avoids communicating to absent class members any encouragement to join the suit or any approval of the suit on its merits.").

In this case, the parties' primary dispute concerns the scope of notice and the definition of the conditional class. The parties also disagree as to whether the notice should mention prior overtime compensation that Defendants may have paid to employees. Finally, the parties dispute a number of minor issues such as whose contact information should be included within the notice.

**1.      Scope of Notice**

According to Plaintiff, the notice should inform potential class members that the lawsuit "applies to any Nurse who worked a minimum of forty hours in ANY week (whether one week or more) between the time period from November 3, 2008 to the present." (Pl.'s Proposed Notice 1, ECF No. 57-1.) Defendants, on the other hand, maintain that the notice should inform

6

potential class members that it "applies to any non-exempt Nurses who worked a minimum of forty hours in any week from November 3, 2008 to present whose hourly or overtime rates were changed to reduce their overtime pay below one and one-half times regular pay." (Defs.' Proposed Notice (Ex. B) 1, ECF No. 56-1.)

The notice should follow Plaintiff's broader definition of the class, as this definition is consistent with the Court's Opinion and Order considering class certification. The Court's December 4, 2012 Opinion and Order did not set forth an explicit class definition for the purpose of the notice process. Nevertheless, this does not mean—as Defendants contend— that the Court left the scope of the class completely unresolved. As detailed above, the Court recognized that Plaintiff was seeking to certify a class consisting of Defendants' current and former Ohio nurses who could potentially pursue FLSA claims for overtime violations. (Opinion & Order 2, ECF No. 54.) The Court determined that Plaintiff made the necessary factual showing to allow for class certification. (*Id.* at 7.) The Court did not limit class certification to nurses whose hourly and/or overtime rates were modified. Tellingly, the Court explicitly directed Defendants to produce contact information for the nurses they employed for the purpose of notice. (*Id.* at 8,11.) Nevertheless, although notice should follow Plaintiff's class definition—and may be sent to all of Defendants' nurse employees—the parties should revise this class definition to more clearly reflect that the notice is intended for nurses who did not receive proper overtime payment.

In contending that the Court should limit notice to employees whose overtime rates were modified, Defendants rely heavily on this Court's decision in *Lacy v. Reddy Elec. Co.* ("*Lacy*"). In *Lacy*, an employee alleged that his employer had failed to compensate him for time spent performing a number of specific job duties. 2011 WL 6149842, at *1. In approving the

7

defendants' version of notice, the Court found that the notice should limit the class to other

employees that performed the specific job duties in question. *Id.* at *6. The Court finds

Defendants application of *Lacy* to be overly expansive. Here, unlike the employee in *Lacy*,

Plaintiff does not limit her allegations to the failure to pay compensation for specific job duties.

Rather, Plaintiff contends that Defendants failed to pay her and other nurses proper overtime

wages when they worked over forty hours in a week. Moreover, the Amended Complaint does

not reflect that Plaintiff's action is limited to one particular method of failing to pay overtime.

Accordingly, under the circumstance of this case, notice should apply to any of Defendants'

nurses who could potentially pursue overtime claims. To the extent that significant differences in

the circumstances of opt-in class members exist, Defendants are free to move for decertification

following the opt-in period.

### 2.    Prior Overtime Compensation

The parties also dispute whether the notice should mention prior overtime payments.

Plaintiff maintains that Defendants may have provided some employees with checks labeled as

"overtime" payments. Consequently, Plaintiff requests that the notice contain the following

language:

> Some current and former employees may have received a check in the mail from
> ATC HealthCare Services, inc. and/or NurseMate, Inc. for "overtime." This payment
> was not ordered by the Court. Even if you received a check, you may still be entitled
> to additional overtime, fees and penalties, and interest on payments. Any payments
> received should not influence your decision to opt-in.

(Pl.'s Proposed Notice 1.)

The Court agrees with Defendants that this provision should be excluded from the

conditional certification notice. The Court finds that this provision may confuse prospective

class members. Rather than including such a provision, the Court prefers the more straightforward approach of indicating what overtime payments the law requires—as both proposed notices do—and allowing the employee to decide whether he or she was properly compensated.

### 3. Other Notice Issues

Next, the Court turns to a few relatively minor issues concerning the form of notice. First, the parties dispute whether the contact information for Defendants' counsel should be included on the notice. The Court finds that a neutral approach favors listing contact information for the counsel of both parties. The notice shall clearly label the counsel that represents each side and state that potential class members may choose to contact either counsel for additional information.

Second, both parties include distinct provisions regarding potential class members' right to alternative counsel. Similarly, both parties submit separate provisions advising potential class members that opt-in plaintiffs may be required to participate in various court proceedings. There are only subtle differences between the parties' submissions with regard to these provisions and the Court expects the parties to resolve differences in phrasing. Nevertheless, the notice should follow Plaintiff's general placement of these provisions.

Finally, on a related note, the Court agrees with Defendants that some of the phrasing in Plaintiff's "preservation of rights" paragraph, (Pl.'s Proposed Notice 1), is potentially misleading. The notice shall refrain from advising potential class members how to "best" preserve their rights and directing them that they "must" take any particular form of action in order to receive payment. Rather, the notice should inform potential class members that if they

9

did not receive proper overtime payments, and if they wish to join the lawsuit, they may preserve their rights by sending in the attached consent form. Although the Court will allow the parties to jointly submit proposed language, the notice may also advise potential class member that delay in action could result in a loss of rights to payment.

### 4. Notice Procedure

Subject to the above guidance, the Court once again **DIRECTS** the parties to confer regarding the proper form of notice.[2] The parties shall submit to the Court joint proposed notice and consent forms within **TEN (10) DAYS** of the date of this Opinion and Order. Defendants shall provide Plaintiff with contact information for all of the nurses they employed during the relevant period within **TEN (10) DAYS** of this Opinion and Order. Once the Court approves of the notice and consent forms, Plaintiff's shall mail the notice and consent forms to prospective class members within **FOURTEEN (14) DAYS**. The Notice shall reflect that Consent Forms must be returned (postmarked) within **FORTY-FIVE (45) DAYS** from the postmark date of the Notice.[3]

### C. Objections to Discovery Order

Finally, the Court considers Defendants' Objections to the Magistrate Judge's February 7, 2013 Opinion and Order partially granting Plaintiff's Motion to Compel. As detailed above, the

---

[2] Given the overall similarity between the parties' proposed notice forms, and in light of this Opinion and Order, the Court anticipates that the parties will be able to reach agreement as to the form of notice. In the unlikely event that the parties are unable to informally resolve any remaining disputes, the parties should contact the undersigned's chambers to request a status conference.

[3] Although the parties do not brief the issue, the Court finds that a forty-five day notice period will allow potential plaintiffs to consider whether to join this action, while also promoting judicial efficiency.

10

Magistrate Judge ordered Defendants to produce identification information, work schedules, and payroll/compensation records for Defendants' hourly paid employees. Defendants specifically contend that the Magistrate Judge erred because (1) she relied on a mistaken assumption that the scope of the class was resolved; (2) she failed to consider the Court's denial of Rule 23 class certification, and (3) she erroneously concluded that Plaintiff's claims are not limited to the modification of overtime hour pay rates.

In considering a magistrate judge's non-dispositive orders, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A). A finding is clearly erroneous when the Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. Young*, 707 F.3d 598, 602 (6th Cir. 2012) (internal quotation omitted). "To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law." *Rutledge v. Claypool Elec., Inc.*, No. 2:12–cv–0159, 2013 WL 435058, at *2 (S.D. Ohio Feb. 5, 2013).

"The scope of discovery is . . . within the broad discretion of the trial court." *Marsico v. Sears Holding Corp.*, 370 F. App'x 658, 664 (6th Cir. 2010) (internal quotations omitted). Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . ." Fed. R. Civ. P. 26(b)(1). As this language suggests, the scope of discovery is "traditionally quite broad." *Marsico*, 370 F. App'x at 664 (internal quotation omitted). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "However, district courts have discretion to limit the scope of discovery

11

where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Here, the Magistrate Judge's discovery order is neither clearly erroneous nor contrary to law. Both the first and third objections concern the scope of the conditional class. For the reasons detailed above, Defendants contentions regarding the scope of the conditional class are unpersuasive. The conditional class encompasses all of Defendants' hourly nurse employees during the relevant period and the class is not limited to employees whose hourly or overtime pay rates were modified.

Defendants second objection, however, requires further consideration. As Defendants stress, the Court's previous Opinion and Order denied Rule 23 class certification and granted conditional certification under the FLSA. Unlike a Rule 23 class action, for the purposes of FLSA collective actions, potential class members must affirmatively opt-in to the class. Accordingly, even though the Court has conditionally certified a collective action, the Court cannot presume that all—or even many—of the nurse employees will opt-in to the lawsuit. Nevertheless, information relating to Defendants' hourly-paid employees is still relevant to Plaintiff's claims within the meaning of Federal Rule of Civil Procedure 26. Specifically, Plaintiff maintains that Defendants willfully failed to pay her overtime wages. How Defendants treated other employees is relevant to the willfulness inquiry. For examples, if schedule and payroll records demonstrate that Defendants were consistently denying other employees proper overtime, such information would be probative to Plaintiff's claims. Accordingly, even limiting the action to Plaintiff's claims, the documentation in question falls within the broad scope of discovery.

12

Moreover, under the circumstances of this case, the Court is not convinced that discovery of this information will be unduly burdensome to Defendants.[4]  Although Defendants make various assertions regarding the breadth and burdensome nature of Plaintiff's requests, their briefing implies that they have already collected the discovery documents in question. (*See* Defs.' Mem. Contra Mot. Compel 4, ECF No. 48.)  Furthermore, this case involves a concrete, and manageable, set of employees.[5]

### III.

For the foregoing reasons, Defendants' Motion for Protective Order is **DENIED**.  (ECF No. 55.).  Defendants' Objections to the Magistrate Judge's February 7, 2013 Opinion and Order are **OVERRULED**.  (ECF No. 63.)  Subject to the conditions with this Opinion and Order, the parties are **DIRECTED** to confer regarding the proper form of notice.  The parties shall submit joint proposed notice and consent forms within **TEN (10) DAYS** of the date of this Opinion and Order.  Defendants are **DIRECTED** to provide Plaintiff with contact information for all of the nurses they employed during the relevant period within **TEN (10) DAYS** of this Opinion and Order.  Once the Court approves the notice and consent forms, Plaintiff's shall mail the notice and consent forms to prospective class members within **FOURTEEN (14) DAYS**.  The notice shall reflect that consent forms must be returned (postmarked) within **FORTY-FIVE (45) DAYS** from the postmark date of the notice.

---

[4]  This is not to say that a plaintiff will always be entitled to full fledged discovery of an employer's payroll records based on allegations of willful FLSA violations or conditional certification of a collective action.  Under the circumstances of this case, however, the Magistrate Judge did not clearly err, or reach a decision contrary to law, in ordering production of the documents and information at issue.

[5]  The parties' briefing reflects that there are approximately 150 nurse employees at issue.

13

**IT IS SO ORDERED.**


_4-4-2013_
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**

14